IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | 1:13-cv-01574-AWI-SKO |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CLAIM** |
| v. | |
| FARMERS INSURANCE COMPANY, | |
| Defendant. | |
| _____/ | |

## I. Introduction

The U.S. Equal Opportunity Commission ("Plaintiff") brought this action for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 against Defendant Farmers Insurance Company ("Defendant") to seek relief for charging parties Chia Xiong ("Xiong"), Jason Lowry ("Lowry"), and other similarly situated individuals who were affected by Farmers' allegedly unlawful conduct. Defendant has filed a motion to dismiss Planitiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant also requests that the court take judicial notice of its exhibits in support of its motion to dismiss pursuant to Federal Rule of Evidence 201. Defendant's request

1   for judicial notice is granted. For the reasons discussed below, Defendant's motion to dismiss

2   will be denied.

3                                    **II. Background**

4   *A. Facts[1]*

5          Xiong, Lowry, and John Yang ("Yang") were all employed by Defendant. *See* Doc. 1,

6   Complaint ("Compl.") at ¶¶ 13-14. On or about October 31, 2005, Xiong was hired as a claims

7   representative for Defendant. Defendant's Request for Judicial Notice ("RJN"), Exhibit 1 at ¶ 1.

8   Plaintiff alleges that, prior to 2009, Xiong and other employees in Defendant's Fresno, California

9   office were instructed by their supervisor, Tim Cavanaugh, and Office Training Specialist, Brian

10  Ponte, to code payments as partial payments to avoid negative customer service surveys. *See*

11  Compl. at ¶ 12; RJN, Exh. 1 at ¶ 1. In 2009, Defendant conducted an audit regarding the issuance

12  of partial payments. Compl. at ¶ 13. During this audit Defendant interviewed several claims

13  representative relating to the coding of partial payments. Compl. at ¶ 13. Xiong, Yang, and

14  Lowry were among those interviewed. Compl. at ¶ 13.

15         After the employee interviews concluded Defendants terminated the employment of

16  Xiong and Yang (both Asian) while retaining similarly situated non-Asian employees who had

17  also coded cases as partial payments. Compl. at ¶ 14.

18         On June 24, 2009, Xiong filed a charge of discrimination with the E.E.O.C.. Compl. at ¶

19  15; RJN, Exh. 1. On or about May 24, 2012, the E.E.O.C. interviewed Lowry in connection with

20  its investigation. Compl. at ¶ 16. On or about June 5, 2012, Lowry was questioned by Defendant

21  about his interview with the E.E.O.C.. Compl. at ¶ 17. The following day Lowry was placed on

22  administrative leave. Plaintiff alleges that, on or about July 18, 2012, Lowry was terminated due

23  to his participation in the E.E.O.C. investigation.

24  *B. Procedural History*

25         Xiong filed a charge of discrimination with the E.E.O.C. alleging that he was subject to

26  racial discrimination at Farmers in violation of Title VII of the Civil Rights Act of 1964. Compl.

27  ────────────────

    [1] Unless specifically referenced in the discussion section, the facts section of this order is only present to provide
28  context for the discussion.

                                          2

at ¶ 8. Plaintiff thereafter attempted to eliminate the allegedly unlawful employment practices that it found and to effect voluntary compliance with Title VII through informal methods of conciliation, conference and persuasion. Compl. at ¶ 9.

Plaintiff alleges that all conditions precedent to institution of this lawsuit have been fulfilled. Compl. at ¶ 11.

On September 30, 2013, the E.E.O.C. filed suit on behalf of Chia Xiong, Jason Lowry, and other similarly situated individuals alleging violation of Title VII of the Civil Rights Act of 1964 as well as of Title I of the Civil Rights Act of 1991. Doc. 1. Defendant filed a motion to dismiss on January 28, 2014. Plaintiff filed an opposition on February 24, 2014, and Defendant filed its reply on March 3, 2014.

### III. Legal Standard

*A. 12(b)(1) – Subject Matter Jurisdiction*

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994); *A–Z Intern. v. Phillips,* 323 F.3d 1141, 1145 (9th Cir.2003). For federal question jurisdiction to exist, the requirements of 28 U.S.C. Section 1331, which gives federal courts jurisdiction only to those cases which arise under federal law, must also be met. 28 U.S.C. § 1331. The question of whether a procedural rule is jurisdictional "is not merely semantic but one of considerable practical importance for judges and litigants." *Henderson v. Shinseki,* —— U.S. ——, ——, 131 S.Ct. 1197, 1202, 179 L.Ed.2d 159 (2011). Branding a rule as going to a court's subject-matter jurisdiction alters the normal operation of our adversarial system. *Id.* Rule 12(b)(1) allows a party to seek dismissal of an action where federal subject matter jurisdiction is lacking. Fed.R.Civ.P. 12(b)(1). When subject matter jurisdiction is challenged, the burden of establishing federal subject-matter jurisdiction always rests with the party who invokes the Court's jurisdiction. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 115 L.Ed.2d 351 (1992).

The United States Supreme Court in *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 511 (2006), in an attempt to curtail "drive-by jurisdictional rulings" advised courts to be cognizant of the "subject-matter jurisdiction / ingredient-of-claim-for-relief" dichotomy so as not to "erroneously conflate[]" subject matter jurisdiction with a plaintiff's need and ability to prove a violation of federal law – a merits based determination. To that end, a district court must ensure that a jurisdictional ruling is not made upon a "provision that 'does not speak in jurisdictional terms or refer in any way to the jurisdiction of the courts.'" *Arbaugh,* 546 U.S. at 515 (*quoting Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)).

### B. 12(b)(6) – Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011); *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013); *Johnson*, 534 F.3d at 1121. However, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (Nor is the Court required to accept "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").

In the employment discrimination context, a plaintiff need not plead a *prima facie* case in order to survive a motion to dismiss pursuant to Rule 12(b)(6). *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002). However, to avoid a Rule 12(b)(6) dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); see *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555,

4

570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal,* 556 U.S. at 678. (internal quotation marks and citation omitted). Courts therefore must look at a complaint in light of the relevant evidentiary standard, in order to decide whether it "contain [s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 570).  The Ninth Circuit has interpreted *Iqbal* and *Twombly* to hold that 1) to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively; and 2) the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Accordingly, while a plaintiff need not plead facts constituting all elements of a *prima facie* employment discrimination case in order to survive a motion to dismiss, courts look to those elements to analyze a motion to dismiss – so as to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

## IV. Discussion

The Complaint's causes of action arise under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 codified at 28 U.S.C. Section 791, *et. seq.,* a federal statute, and invokes subject matter jurisdiction over the federal question. The Court will discuss 1) whether E.E.O.C. exhaustion of administrative prerequisites is a jurisdictional question, 2) the

appropriate scope of the court's inquiry into exhaustion of preconditions to suit, and 3) the

appropriate scope of the action before this court, and 4) the sufficiency of Plaintiff's pleading.

*A. Jurisdictional Nature of Conciliation Requirements*

The E.E.O.C. must attempt to resolve unlawful employment practices by "informal

methods of conference, conciliation, and persuasion before bringing suit." 42 U.S.C. § 2000e-

5(b). The E.E.O.C. may bring suit only if it "has been unable to secure from the [employer] a

conciliation agreement acceptable to the [E.E.O.C.]." 42 U.S.C. § 2000e–5(f)(1).

Defendant submits to this Court that the requirements of 42 U.S.C. § 2000e-5(b) are

jurisdictional. Defendant relies primarily on *E.E.O.C. v. Pierce Packing Co.*, 669 F.2d 605 (9th

Cir. 1982), for the proposition that E.E.O.C. exhaustion of administrative prerequisites is a

jurisdictional requirement. Plaintiff argues that the requirements of 42 U.S.C. § 2000e-5(b) are

merely conditions precedent to filing of suit and are not judicially reviewable. *See* Plaintiff's

Opposition to Motion to Dismiss ("Opposition") at p. 9 (citing *E.E.O.C. v. Mach Mining*, LLC,

738 F.3d 171, 184 (7th Cir. 2013)). This conflict is in large part to the disparity in treatment by

district and Circuit Courts after the United State Supreme Court's opinion in *Arbaugh v. Y&H*

*Corp.*, 546 U.S. 500, addressed whether Title VII's employer-numerosity requirement is 1) a

prerequisite to a court's subject-matter jurisdiction, or 2) an element for a Title VII claim that

must be proved by the plaintiff. The Supreme Court opined that the numerosity requirement is an

element of the Title VII claim rather than a jurisdictional requirement. *Arbaugh*, 546 U.S. at 516.

After *Arbaugh* several decisions by district courts in this Circuit have been rendered - with

varying result - on the issue of whether the conciliation requirement is jurisdictional. *Compare*

*U.S. E.E.O.C. v. Alia Corp*, 842 F.Supp.2d 1243, 1251-1255 (E.D. Cal. 2012)(LJO) (holding that

Title VII's conciliation requirement, while a precondition to suit, is not jurisdictional and that to

the extent *E.E.O.C. v. Pierce Packing*, holds otherwise, it is inconsistent with current Supreme

Court jurisprudence); *E.E.O.C. v. Pioneer Hotel, Inc.*, 2:11-cv-1588, 2013 WL 3353389, *2 (D.

Nev. 2013) (same); *E.E.O.C. v. Evans Fruit Co., Inc.,* 872 F.Supp.2d 1107, 1115-1116 (E.D.

Wash. 2012) (same); *E.E.O.C. v. High Speed Enter*., Inc., 08-cv-1789, 2010 WL 8367452, *2

(D. Ariz. 2010) (holding that conciliation is not a jurisdictional prerequisite and that if the E.E.O.C. fails to conciliate in good faith prior to filing suit that the proceeding may be stayed to allow for conciliation) with *U.S. E.E.O.C. v. Braun Elec. Co.*, 1:12-cv-1592, 2014 WL 1330566, *4 (E.D. Cal. Apr. 2, 2014)(LJO) (holding that the conciliation requirement is jurisdictional in reliance upon *Pierce Packing*); *E.E.O.C. v. California Psychiatric Transitions, Inc.* 725 F.Supp.2d 1100, 1114-1115 (E.D. Cal. 2010)(LJO) (same); *E.E.O.C. v. Timeless Investments, Inc.*, 734 F.Supp.2d 1035, 1052 (E.D. Cal. 2010)(AWI) (holding that the conciliation requirement is jurisdictional but that the court could impose a stay to allow for the completion of conciliation). Although the Ninth Circuit has not addressed the question of whether the Section 2000e-5(f)(1) preconditions to suit are jurisdictional the Fifth and Sixth Circuits have indicated that – after *Arbaugh* – the preconditions cannot be considered jurisdictional. *See Adamov v. U.S. Bank Nat. Ass'n*, 726 F.3d 851, 856 (6th Cir. 2013) ("No … jurisdictional limitation exists with respect to Title VII's [Section 2000e-5(f)(1)] administrative-exhaustion requirements."); *E.E.O.C. v. Agro Distribution, LLC*, 555 F.3d 462, 469 (5th Cir. 2009) (*Arbaugh* impliedly overturned cases that held that failure to conciliate can deprive courts of their subject matter jurisdiction).

The jurisdictional analysis in determining the legal character of the statutory requirement is discerned by looking to the condition's "text, context, and relevant historical treatment." *Castillo v. U.S. IRS,* 1:13-cv-0517, 2014 WL 1270548 *4 (E.D. Cal. 2014)(AWI) (*quoting Reed Elsevier Inc. v. Muchnick,* 559 U.S. 154, 166 (2010). In order to determine relevant historical treatment the Court looks at the "type of limitation [the statute] imposes" (i.e. investigation and conciliation) in order to determine whether the requirement is jurisdictional. *Reed Elsevier Inc.,* 559 U.S. at 168. The Supreme Court has made clear that a statutory requirement is jurisdictional only where there is "clear indication that Congress wanted the rule to be jurisdictional." *Henderson v. Shinseki,* 131 S.Ct. at 1203 (internal quotation marks and citation omitted). In *Reed Elsevier* the statute in question was 17 U.S.C. § 411(a) of the Copyright Act, which reads, in relevant part as follows:

> Except for an action brought [by an author of a work of visual art] for a violation of the rights [to that art], no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights. The Register may, at his or her option, become a party to the action with respect to the issue of registrability of the copyright claim by entering an appearance within sixty days after such service, but the Register's failure to become a party shall not deprive the court of jurisdiction to determine that issue.

Based on this provision (and despite the fact that it makes specific reference to jurisdiction) the Supreme Court found that the condition was not clearly labeled jurisdictional, was not located in a jurisdiction-granting provision, and had admitted exceptions to the condition, indicating that it was not a jurisdictional bar, as subject matter jurisdiction is not subject to waiver. *Reed Elsevier* 559 U.S. at 169.

This Court has recently recognized that the requirement that federal employees exhaust administrative remedies is not a jurisdictional requirement. *Porter v. Mabus*, 1:07-cv-0825, 2014 WL 797981, *3 (E.D. Cal. Feb. 27, 2014)(AWI). In *Porter* the statute in question was 42 U.S.C. § 2000e-16(c), which reads, in relevant part, as follows:

> Within 90 days of receipt of notice of final action taken by a department, agency, … or by the [E.E.O.C.] … on a complaint of discrimination based on race, color, religion, sex[,] or national origin, or after one hundred and eighty days from the filing of the initial charge … with the [E.E.O.C.] … an employee … if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e-5 of this title….

The language used by Congress in Section 2000e-5(f)(1) is couched in largely the same terms:

> If within thirty days after a charge is filed with the Commission … the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil suit against any respondent not a government, governmental agency, or political subdivision named in the charge.

8

The text of Section 2000e-5(f)(1) does not speak in clearly jurisdictional terms. Where the Ninth Circuit had occasion to examine Section 2000e-5(f)(1) it referred to only Section 2000e-5(f)(3) as "Title VII's jurisdictional grant." *Porter v. Winter* 603 F.3d 1113, 1118 (9th Cir. 2010).

This Court has recognized exceptions to the requirement that the E.E.O.C. attempt to conciliate prior to bringing suit. *See E.E.O.C. v. Timeless Investments,* 734 F.Supp.2d 1035, 1052 (E.D. Cal. 2010) (citing, *inter alia*, *E.E.O.C. v. Asplundh Tree Expert Co.,* 340 F.3d 1256, 1261 (11th Cir. 2003) ("When the E.E.O.C. fails to conciliate in good faith, a court may stay the proceedings to allow for conciliation or dismiss the case."). In fact, Section 2000e-5(f)(1) provides that "[u]pon request, the court may, in its discretion, stay further proceedings for not more than sixty days pending the termination of State or local proceedings … or further efforts of the Commission to obtain voluntary compliance." Granting a court discretion to impose a runs contrary to the notion that Congress intended the preconditions of Section 2000e-5(f)(1) to be jurisdictional in nature. *See E.E.O.C. v. Alia Corp.,* 842 F.Supp.2d at 1254.

Historically, the Ninth Circuit has treated the conciliation requirement of Title VII as jurisdictional. *See E.E.O.C. v. Pierce Packing*, 669 F.2d at 608; *E.E.O.C. v. Bruno's Restaurant,* 13 F.3d 285, 288 (9th Cir. 1993) ("Conciliation is a 'jurisdictional condition precedent to suit by the E.E.O.C..'"). However, "there is no long line of Supreme Court precedent holding that conciliation is the *type* of requirement that has historically been treated as jurisdictional in nature." *E.E.O.C. v. Alia Corp.*, 842 F.Supp.2d at 1254 (citing *Union Pacific Railroad Co. v. Brotherhood of Locomotive Engineers and Trainmen General Comm. of Adjustment,* 558 U.S. 67 (2009) (emphasis added) (requirement under the Railway Labor Act that parties must attempt "settlement in conference" to resolve minor disputes before resorting to arbitration before the National Railroad Adjustment Board is not jurisdictional)). Nor is there any indication that Congress itself has historically treated conciliation as jurisdictional. Even where the Supreme Court found that the historical treatment a statute has been as a jurisdictional requirement it has found that this factor is not dispositive. *Reed Elsevier*, 559 U.S. at 169.

Based on the above application of the *Reed Elsevier* factors, the *Agro Distribution* and *Adamov* decisions from the Fifth and Sixth Circuits, respectively, and the court's reasoning in *E.E.O.C. v. Alia Corp.,* this Court now concludes that the preconditions to suit imposed by Section 2000e-5(f)(1) are not jurisdictional in nature. Defendant's motion to dismiss for lack of subject matter jurisdiction will therefore be denied.

### B. Scope of District Court Review of E.E.O.C. Compliance with Preconditions to Suit

It is undisputed that the EEOC is charged "with the responsibility of investigating claims of employment discrimination, [making a reasonable cause determination,] and settling disputes, if possible, in an informal, noncoercive fashion.... [T]he EEOC is required by law to refrain from commencing a civil action until it has discharged its administrative duties." *Occidental Life Ins. Co. of Cal. v. E.E.O.C.*, 432 U.S. 355, 368 (1977); *Arizona ex rel. Goddard v. GEO Grp., Inc.*, 10-cv-1995, 2012 WL 8667598, *6 (D. Ariz. 2012).

The parties disagree as to the appropriate scope of district court review of the preconditions to suit imposed by Section 2000e-5(f)(1). Since this Court now only evaluates whether Plaintiff has failed to state a claim, this Court will restrict its focus to what Plaintiff must plead. The investigation, statement of reasonable cause, and conciliation attempt required of the E.E.O.C. by Title VII – although not jurisdictional - are conditions precedent to filing of suit. *See E.E.O.C. v. Service Temps Inc.*, 679 F.3d 323, 333 (5th Cir. 2012); *E.E.O.C. v. Pierce Packing*, 669 F.2d at 608. Federal Rule of Civil Procedure 9(c) permits a plaintiff in its pleadings to aver generally that all conditions precedent have been satisfied. Fed. R. Civ. Proc. 9(c); E.E.O.C. v. Global Horizons, Inc. 860 F.Supp.2d 1172, 1180 (D. Haw. 2012).[2] The E.E.O.C. need not plead

---

[2]    When addressing this issue on summary judgment circuit courts are "split … regarding the proper standard for reviewing whether the E.E.O.C. has attempted to conciliate in good faith." *E.E.O.C. v. Alia Corp.,* 2012 WL 393510, at *9. The Sixth and Tenth Circuits require courts to determine only whether the E.E.O.C. made a good-faith effort to conciliate the claims it asserts, thereby providing the employer with ample notice of the prospect of suit. *Serrano v. Cintas Corp.*, 699 F.3d 884, 904 (6th Cir. 2012) *cert. denied*, 134 S. Ct. 92 (2013) (citing *E.E.O.C. v. Keco Industries, Inc.*, 748 F.2d 1097, 1100 (6th Cir. 1984). The Second, Fifth, and Eleventh Circuits require courts to evaluate "the reasonableness and responsiveness of the E.E.O.C.'s conduct under all the circumstances." *E.E.O.C. v. Asplundh Tree Expert Co.*, 340 F.3d 1256, 1259 (11th Cir.2003) (quoting *Klingler*, 636 F.2d at 107). Under this standard, the E.E.O.C. must at least: (1) outline to the employer the reasonable cause for its belief that a violation of the law has occurred; (2) offer an opportunity for voluntary compliance; and (3) respond in a reasonable

1    facts to show that it conducted a pre-suit investigation as to Mr. Xiong's claim or its class claim,

2    the substance of its statement of reasonable cause, or its conciliation efforts. At this stage, the

3    Court is satisfied with Plaintiff's conclusory representation that "[a]ll conditions precedent to the

4    institution of this lawsuit has (sic) been fulfilled." Compl. at ¶ 10.[3]

5

6    *C. Appropriate Scope of Action before this Court*

7            Once the E.E.O.C. has received a charge from an aggrieved employee it must investigate

8    the claim and may bring a civil action in the district court against private employers reasonably

9    suspected of violating Title VII. *Gen. Tel Co. of the Northwest v. E.E.O.C.*, 446 U.S. 318, 325

10   (1980). The E.E.O.C may expand the scope of its complaint to any matter that could reasonably

11   be expected to grow out of the allegations of the initial E.E.O.C. charge. *Paige v. State of*

12   *California*, 102 F.3d 1035, 1042 (9th Cir. 1996) (citing E.E.O.C. v. *Farmer Bros. Co.,* 31 F.3d

13   891, 899 (9th Cir. 1994)). The *Paige* court specifically addressed the situation where a charging

14   party did not bring class allegations but the E.E.O.C. expanded the scope of its complaint based

15   on information gained from examination of the role, if any, that race played in the alleged

16   discriminatory practices. *Paige*, 102 F.3d at 1042. The court determined that where the class

17   claims could reasonably have been expected to result from the charging party's claim of

18   discrimination that a class action was permissible. *Paige*, 102 F.3d at 1042. In this case, Plaintiff

19   filed a charge alleging racial discrimination that led to his termination. Investigation by the

20   E.E.O.C. could reasonably have been expected to give rise to a class action claim. However, the

21

22   and flexible manner to the reasonable attitudes of the employer. *Asplundh Tree Expert*, 340 F.3d at 1259 (citing
     *Klingler,* 636 F.2d at 107); *see E.E.O.C. v. Johnson & Higgins, Inc.,* 91 F.3d 1529, 1534 (2d Cir.1996). The Seventh

23   Circuit appears to have taken the position that Title VII has completely delegated the good faith conciliation
     requirement to the E.E.O.C. such that the court has no meaningful standard by which to evaluate compliance,

24   rendering the issue nonjusticiable. *E.E.O.C. v. Mach Mining LLC*, 738 F.3d 171, 183 (7th Cir. 2013). The Seventh
     Circuit therefore does not recognize an affirmative defense alleging that the E.E.O.C. failed or refused to attempt

25   conciliation. *E.E.O.C. v. Mach Mining LLC*, 738 F.3d at 184.
             "The Ninth Circuit has not weighed-in on the issue. However, district courts in this circuit have generally

26   tilted toward the approach taken by the Sixth and Tenth Circuits, affording the E.E.O.C. wide deference in
     discharging its duty to conciliate." *Alia Corp.,* 2012 WL 393510, at *10 (collecting cases); *Arizona ex rel. Goddard*

27   *v. GEO Group, Inc.*, 2012 WL 8667598, *9.
     [3] If Defendant seeks to challenge the sufficiency of the E.E.O.C.'s exhaustion of preconditions to suit it must make a

28   showing that the preconditions were not satisfied.

1  Court does not have any of the results of the E.E.O.C. investigation before it. If the E.E.O.C.

2  investigation actually yielded information that the E.E.O.C. believes to support a class claim of

3  discrimination then the scope of the E.E.O.C. complaint may be appropriate. Accordingly, with

4  the information before the Court it cannot determine the appropriate substantive scope of the

5  E.E.O.C. complaint.

6        Defendant also seeks to have the Court impose a "forward scope" – beyond which no

7  facts can provide the basis for any recovery – at June 24, 2009, the date upon which Mr. Xiong

8  filed his E.E.O.C. charge. Defendant relies on *Sheffield v. United Parcel Service*, 403 Fed. Appx.

9  452 (11th Cir. 2010), and *Arizona ex rel. Goddard* for the proposition that the forward scope can

10 be so limited. The notion that the forward scope of an E.E.O.C. civil claim filed with the district

11 court must be limited to events occurring prior to the filing of a charge with the E.E.O.C. by an

12 aggrieved party is incompatible with the requirement that the E.E.O.C. investigate the claim and

13 – if a reasonable cause determination is made – file suit "for any discrimination stated in the

14 charge itself or discovered in the course of a reasonable investigation of that charge. *Arizona ex*

15 *rel. Goddard v. GEO Group Inc.,* 2012 WL 8667598, at *8 (quoting E.E.O.C. v. Hearst Corp.,

16 553 F.2d 579, 580 (9th Cir. 1977); *see also E.E.O.C. v. Delight Wholesale,* 973 F.2d 664, 668

17 (8th Cir. 1992) ("The original charge is sufficient to support EEOC action ... for any

18 discrimination stated in the charge or developed during a reasonable investigation of the charge,

19 so long as the additional allegations of discrimination are included in the reasonable cause

20 determination and subject to a conciliation proceeding."); *E.E.O.C. v. General Electric Co.*, 532

21 F.2d 359, 366 (4th Cir. 1976) ("evidence (developed in the investigation) concerning

22 employment practices other than those specifically charged by complainants may properly be

23 considered by the Commission in framing a remedy."). The scope of a civil suit under Section

24 706 of Title VII is confined to conduct which was: 1) alleged in the initial E.E.O.C. charge or

25 discovered from reasonable investigation thereof, 2) contained in the statement of reasonable

26 cause, and 3) the subject of the conciliation attempt. The Court does not have any information

27 regarding the scope of the E.E.O.C. investigation, the content of the statement of reasonable

28

1  cause, or subject of the conciliation attempt by the E.E.O.C.. As such, this Court cannot make the

2  determination as to the forward scope of this litigation beyond indicating that no conduct that

3  took place after the E.E.O.C. rendered its statement of reasonable cause can be the basis of

4  recovery. However, this Court will not categorically preclude the E.E.O.C. from recovering for

5  conduct by Defendant that allegedly took place after the filing of Mr. Xiong's E.E.O.C. charge

6  but before the statement of reasonable cause.

7        Defendant also seeks to limit the "rearward date" – before which no facts can provide the

8  basis for any recovery – at August 28, 2008, 300 days prior to Mr. Xiong having filed his charge

9  with the E.E.O.C.. The E.E.O.C. does not oppose this portion of Defendant's motion. Doc. 16 at

10  22. The E.E.O.C. points out only that by the terms of the complaint it only seeks to remedy

11  disparate treatment "since at least 2009." Compl. at ¶ 11. Further, Mr. Xiong's E.E.O.C. charge

12  indicates that the discriminatory conduct of which he complains took place from January 1, 2009

13  at its earliest and March 31, 2009 at its latest. RJN, Exh. 1. Since the parties are in agreement on

14  this question, the E.E.O.C. may not seek recovery for any alleged discrimination that took place

15  prior to August 28, 2008. *See* 42 U.S.C. 2000e-5(e)(1).

16

17  *D. Sufficiency of the Pleadings*

18        Title VII of the Civil Rights Act of 1964 provides that employers may not "discriminate

19  against any individual with respect to his compensation, terms, conditions, or privileges of

20  employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C.

21  § 2000e–2(a)(1). A plaintiff may prove unlawful discrimination by producing "direct or

22  circumstantial evidence demonstrating that a discriminatory reason more likely than not

23  motivated the employer." *Metoyer v. Chassman,* 504 F.3d 919, 930 (9th Cir.2007). If direct

24  evidence of discrimination is not available, a plaintiff may rely upon the burden-shifting

25  framework to prove discrimination, as set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S.

26  792, 802 (1973).

27

28

Defendant contends that, to support its discrimination claim, the E.E.O.C. is required to plead the elements of a *prima facie* case and has failed to do so. Specifically, Defendant alleges that the E.E.O.C. failed to allege discriminatory animus on the part of Farmers. Defendant recites the requirements for a *prima facie* case as articulated by *McDonnell Douglas Corp v. Green*: claimants 1) belonged to a protected class; 2) were qualified for the job and performed satisfactorily; 3) experienced an adverse employment action; and 4) the adverse employment action was taken because of claimants' membership in a protected class. *McDonnell Douglas* 411 U.S. at 802; *Hawn v. Executive Jet Management Inc.,* 615 F.3d 1151, 1156 (9th Cir. 2010). Defendant is reminded that the *prima facie* case under *McDonnell Douglass* is an evidentiary standard, not a pleading requirement. *Swierkiewicz v. Sorema N.A.*, 534 U.S. at 515 (holding that "an employment discrimination plaintiff need not plead a *prima facie* case of discrimination ... to survive respondent's motion to dismiss."). As such, the failure to allege facts sufficient to meet the *McDonnell-Douglas* test does not warrant dismissal of a complaint. *Corbins v. United Airlines, Inc.,* 10-cv-2312, 2011 WL 109078, at *2 (N.D.Cal. 2011) (denying motion to dismiss). Rather, in order to survive a motion to dismiss pursuant to Rule 12(b)(6) a complaint must only contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. at 678; *see Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 570. A complaint containing allegations and factual statements that clearly put the defendant on notice that the instant action is based on the defendant's alleged discrimination on a particular protected basis against the charging party and other similarly situated employees beginning at a specific point in time is sufficient to survive a motion to dismiss. *E.E.O.C. v. Pioneer Hotel, Inc.,* 2:11-cv-1588, 2013 WL 3716447, *3 (D. Nev. 2013); (citing *E.E. O.C. v. Family Dollar, Inc.,* 07-cv-6996, 2008 WL 687284, *2 (N.D.Ill. 2008); *E.E. O.C. v. Man Mar, Inc.,* No. 09–60761–CIV, 2009 WL 3462217, at *2 (S.D.Fla. Oct. 22, 2009)). In *Pioneer* the court looked at class allegations made by the E.E.O.C. and found that it stated a claim where it alleged specific discriminatory conduct by defendant, identified a branch and department of the defendant corporation where the alleged discrimination took place, alleged a classification upon which

discrimination was made, and identified at least one aggrieved individual comprising the class. *E.E.O.C. v. Pioneer Hotel*, 2013 WL 3716447 at *3.

Here, the E.E.O.C. has alleged that Mr. "Xiong and other employees in Defendant's Fresno, CA office were instructed … to code payments as partial payments…" (Compl. at ¶ 12), that an audit of this practice took place by Defendant (Compl. at ¶ 13), and that "Defendant[] terminated the employment of its Asian employees ([complaining party] Chia Xiong and [named class member] John Yang) while retaining similarly situated non-Asian employees…" (i.e. employees who had also coded partial payments) (Compl. at ¶ 14). Although not all of the elements of the *prima facie* case are fully pled, Plaintiff has alleged sufficient factual material to state a claim that is plausible on its face as to the complaining party and at least one member of the allegedly aggrieved class.

Defendant's motion to dismiss for failure to state a claim will therefore be denied.

**V. Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED.

2. Defendant's motion to dismiss for failure to state a claim is DENIED.

IT IS SO ORDERED.

Dated:   May 30, 2014   _____

SENIOR  DISTRICT  JUDGE

15