# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FARMERS INSURANCE EXCHANGE,<br><br>Defendant. | Case No.  1:13-cv-01574-AWI-SKO<br><br>**ORDER ON THE PARTIES' INFORMAL DISPUTE RE PROTECTIVE ORDER** |

    The parties are disputing the terms of a protective order proposed by Defendant.  After two informal conferences and additional meet and confer sessions by the parties, they have reached an impasse with regard to some items within the protective order.  Having considered the parties' informal submissions and argument, the Court provides the following guidance on the remaining disputes:

    **Section 2.14(a)**: EEOC's objection is sustained.  The dispute regarding the first portion of citations in this section are unnecessary to the protective order.  These citations shall be

1

removed.

**Section 2.14(b)**: EEOC's objection is overruled. Reference to medical records is appropriate given the charging parties' claim for emotional distress and is not prejudicial to either the EEOC or the charging parties.

**Section 2.14(e)**: EEOC's objection is overruled. The phrase "but not limited to" is not overbroad when read in the context of the specifically identified items that are considered private.

**Section 5.2(a)**: EEOC's objection is overruled. Although the inspection of original documents is not currently at issue, this will potentially resolve foreseeable disputes should this become an issue and will result in resource savings for the parties and the court.

**Section 7.1**: EEOC's objection is overruled. The term "government procedures" is too broad, and Defendant's agreement to limit any disclosure as "otherwise required by law or regulations" is sufficient to address EEOC's concerns about its procedures which require disclosure under certain circumstances.

**Section 9**: EEOC's objection is overruled. This section relates to protection for non-parties' materials. Although EEOC argues this is not currently relevant, this section relates to foreseeable issues that can be resolved preemptively and efficiently now without having to address the issue later in the litigation.

As to Defendant's currently proposed protective order, this guidance represents the Court's tentative ruling to the extent a motion for a protective order is filed by Defendant. Given the extensive arguments made at the informal conferences and the parties' informal submissions, this tentative ruling is unlikely to change upon noticed motion. If the parties stipulate to a protective order containing the guidance provided above, they shall file the stipulation immediately, the Court will promptly sign it, and Defendant's discovery production will be continued until March 9, 2015. Alternatively, Defendant may file a noticed motion for a protective order; however, all non-confidential discovery shall be produced by Defendant by March 6, 2015. This would be a costly and inefficient resolution given the de minimis issues remaining, and the Court will take a dim view of any opposition to Defendant's motion for

protective order should it be based on the grounds stated in the parties' informal submissions and previously addressed by the Court at the informal conferences.

IT IS SO ORDERED.

Dated: **March 5, 2015**  /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE