1

2

3

4

5

6               **UNITED STATES DISTRICT COURT**

7               **EASTERN DISTRICT OF CALIFORNIA**

8

9  U.S. EQUAL EMPLOYMENT OPPORTUNITY )  Case No: 1:13-CV-01574 AWI SKO
   COMMISSION,                        )
10           Plaintiff,               )  **CONSENT DECREE**
                                      )
11      vs.                           )
                                      )
12                                    )
   FARMERS INSURANCE EXCHANGE , AND   )
13 DOES 1-10, INCLUSIVE,              )
                                      )
14       Defendant                    )
                                      )
15 _____ )

16

17        Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or

18 "Commission") and Defendant Farmers Insurance Exchange ("Farmers" or "Defendant") hereby

19 stipulate and agree to entry of this Consent Decree ("Decree") to resolve the Commission's

20 complaint against Defendant in U.S. Equal Employment Opportunity Commission v. Farmers

21 Insurance Exchange, et al., Case No. 1:13-CV-1574 AWI SKO (the "Action").  On September

22 30, 2013, Plaintiff filed this Action in the United States District Court, Eastern District of

23 California, for violations of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

24 § 2000e et seq. ("Title VII").  The Action alleges Defendant violated Title VII by unlawfully

25 discriminating against a class of Asian employees and further retaliated against a non Asian

26 employee for his participation in a protected activity.  The Defendant denies any liability in this

27 Action.  This Decree and compliance with the terms herein shall not be construed as an

28 admission that Defendant is liable for any alleged violation of Title VII.

## I.      PURPOSES AND SCOPE OF THE DECREE

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the EEOC and Defendant (the "Parties") have agreed that this Action against the Defendant should be finally resolved by entry of this Decree.  This Decree shall be binding on and enforceable against Defendant and its agents, successor and assigns.  The EEOC and Defendant, as parties to this Decree, agree that this Decree resolves any and all claims arising out of the Action.

## II.      RELEASE OF CLAIMS

A.      The Parties agree that this Decree resolves all claims alleged by the EEOC in its Complaint of the Action that were made, or could have been made, by the EEOC in this Action against Defendant based on the administrative charges that were filed and that formed the basis of the EEOC's Complaint in the Action, or that could be filed against Defendant in the Action itself.

B.      Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party hereto fails to perform the promises and representations contained herein.

C.      Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII or any other federal employment statute.

D.      This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures.  This Decree shall in no way hinder or affect an individual's right to file a charge with the EEOC or applicable state agency, participate in a federal or state investigation, or the EEOC's investigation and determinations into such charges.

## III.      JURISDICTION

A.      The Court has jurisdiction over the Parties and the subject matter of this Action. The Court is authorized to grant the equitable relief set forth in this Decree.

B.      This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

C.     The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering any order, judgment, or decree that may be necessary to implement the relief provided herein.

### IV.     EFFECTIVE DATE AND DURATION OF DECREE

A.     The provisions and agreements contained herein are effective immediately upon the date in which this Decree is entered by the Court ("the Effective Date").

B.     Except as otherwise provided herein, this Decree shall remain in effect for two years (2 years) after the Effective Date.

### V.     MODIFICATION AND SEVERABILITY

A.     This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.     If one or more of the provisions of the Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.     By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of the Decree.

### VI.     COMPLIANCE AND RESOLUTION

A.     The Parties agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Decree, the EEOC may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the EEOC will notify Defendant and its legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the EEOC believes Defendant has breached.  Defendant shall have thirty (30) days to attempt to resolve or cure the breach.  However, the parties may agree to extend this period upon mutual consent.

1      B.      After sixty (60) days, inclusive of the thirty (30) days to resolve or cure the breach

2 referenced in Section VI.A, have passed with no resolution or agreement to extend the time

3 further, the EEOC may petition this Court for resolution of the dispute.  The EEOC may seek all

4 available relief, including an extension of the term of the Decree for such period of time that the

5 Court finds the Decree was not complied with and/or any other relief that the Court may deem

6 appropriate.

7                **VII.    MONETARY RELIEF**

8      A.      In settlement of this lawsuit, Defendant shall pay a gross, maximum settlement

9 amount of $225,000.00 (the "monetary relief").

10      B.      Allocation of the monetary relief to the Claimants (Chia Xiong, John Yang, and

11 Jason Lowry) shall be at the sole discretion of the EEOC.

12      C.      On the Effective Date, the EEOC shall inform Defendant the amount of monetary

13 relief allocated by the EEOC, together with all other information necessary to issue payments to

14 the three Claimants, including relevant tax forms and updated address information.  Within ten

15 (10) business days after being informed of the allocation and obtaining the necessary

16 information, Defendant shall, via certified mail, issue payment representing the amount payable

17 as wages, minus applicable withholdings, to the three Claimants as well as a separate check

18 representing the amount payable as emotional distress damages.  Defendant has met its

19 obligations with respect to monetary relief under this Decree by honoring the checks upon timely

20 presentment by Claimants.

21      D.      For tax purposes, the monetary relief will be characterized as 50% for alleged lost

22 wages to be reported on a W-2, and 50% for alleged emotional distress damages to be reported

23 on a Form 1099.  Defendant shall prepare and distribute Form W-2, Form 1099, or equivalent tax

24 reporting forms to Claimants in accordance with the instructions of the EEOC  and shall make

25 the appropriate reports to the Internal Revenue Service and other tax authorities.  Defendant is

26 not giving any tax advice in connection with the monetary relief or any payments to be made

27 pursuant to this Consent Decree.  Each Claimant agrees to hold harmless Defendant from any

28 liability for taxes, fees, costs, or assessments resulting from his failure to timely pay his share of

1   taxes, interest, fees, or penalties owed.  Within three (3) business days of the issuance of the

2   settlement checks, Defendant shall submit a copy of the checks and related correspondence to

3   Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East

4   Temple Street, 4th Floor, Los Angeles, California, 90012.

5                                **VIII.   GENERAL INJUNCTIVE RELIEF**

6          Defendant, on behalf of its officers and agents, hereby acknowledges its obligations to

7   comply with Title VII, including the law's anti-discrimination and anti-retaliation provisions.

8   Specifically, Defendant acknowledges that it is an unlawful employment practice for an

9   employer to discriminate against any individual with respect to his compensation, terms,

10  conditions, or privileges of employment, because of such individual's race and that it is an

11  unlawful employment practice to discriminate against any individual because he has opposed any

12  practice made an unlawful employment practice by Title VII, or because he has made a charge,

13  testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under

14  Title VII, including this Action or this Decree.

15                               **IX.   SPECIFIC INJUNCTIVE RELIEF**

16         A.      Internal Equal Employment Opportunity Monitor

17                 1.      Within sixty (30) days after the Effective Date, Defendant shall designate

18  an internal Equal Employment Opportunity Monitor ("Monitor").  The Monitor shall have

19  demonstrated experience in areas of employment discrimination and retaliation, and shall be

20  independent from the Fresno Branch Claims Office ("BCO") in the reporting structure to ensure

21  independent oversight by the Monitor.  The Monitor shall monitor Defendant's compliance with

22  Title VII at the Fresno BCO as specified by the provisions of this Decree.

23                 2.      The Monitor shall be subject to the EEOC's approval, which shall not be

24  unreasonably withheld.  Defendant shall provide the name and a summary of qualification for the

25  proposed Monitor to the EEOC two weeks prior to the designation of the Monitor.  If the EEOC

26  does not approve Defendant's proposed Monitor, Defendant shall provide a list of at least three

27  alternative candidates and from which EEOC shall select the Monitor.  Defendant shall bear all

28  costs associated with the selection and retention of the Monitor and the performance of his/her

1   duties.  Should the Monitor be unable or unwilling to continue as Monitor for the duration of the

2   Decree, the procedures set forth in this Section IX.A.2 shall also apply to the selection of a new

3   Monitor.

4             3.         The Monitor's responsibilities shall include:

5             a.         Ensuring Defendant's compliance with the terms of the Decree;

6             b.         Ensuring Defendant maintains policies and procedures that effectively

7                       carry out its obligations under Title VII at the Fresno BCO as specified by

8                       this Decree;

9             c.         Ensuring that all employees at the Fresno BCO required under the law or

10                      this Decree are trained on their rights and responsibilities under Title VII

11                      and this Decree;

12            d.         Ensuring that all employees at the Fresno BCO are provided an

13                      opportunity to provide information regarding racial discrimination or

14                      retaliation;

15            e.         Ensuring that the investigations regarding racial discrimination,

16                      harassment or retaliation at the Fresno BCO are effective, that Defendant

17                      properly communicates with complainants from the Fresno BCO

18                      regarding the status and results of their complaints, and that Defendant

19                      ensures no retaliatory actions are taken against the complainant at the

20                      Fresno BCO;

21            f.         Ensuring the provision of training and guidance to human resources

22                      personnel dedicated to serving the Fresno BCO on how to conduct

23                      investigations and review and assess human resources' response and

24                      advice as to EEO matters under Title VII at the Fresno BCO;

25            g.         Ensuring that Defendant creates or maintains a centralized system of

26                      tracking discrimination, harassment and retaliation complaints with

27                      respect to the Fresno BCO, as required by this Decree;

28

h. Preparing an annual report to the EEOC on Defendant's progress and its compliance under this Decree, as described in Section IX G below; and

i. Ensuring that all reports required by this Decree are accurately compiled and timely submitted.

 B. <u>Policies and Procedures</u>

 1. Within ninety (90) days of the Effective Date, Defendant will confirm that they have published, or will publish in a form that is accessible to its employees, anti-harassment and anti-discrimination policies that prohibit violation of Title VII (the "Policy"), which include the following provisions in substantive part (although, the policies need not be verbatim of the language in this Decree):

a. A clear explanation of prohibited conduct under the Policy, including an explanation that harassment and discrimination on the basis of race, color, national origin, sex, age, disability, creed/religion, or any other protected class, and retaliation is prohibited with a particular emphasis that the company will not tolerate any incidents of race discrimination or retaliation;

b. An assurance that employees who make complaints of harassment/discrimination or provide information related to such complaints will be protected against retaliation;

c. A clearly described complaint process that provides accessible and confidential avenues for complaints, including information regarding an internal and external person whom employees may report incidents of discrimination and retaliation;

d. An assurance that Defendant will protect the confidentiality of complainants to the extent possible from being disclosed to those persons who do not need to know;

e. Assurances that the complaint process will include a prompt, thorough, and impartial investigation;

f. A procedure for communicating with the complainant regarding the status of the complaint/investigation, results of the investigation, and any remedial action

1    taken;

2         g.  An instruction that supervisors and managers shall report to human resource

3            personnel incidents of harassment or discrimination that they witness or are aware

4            of; and

5         h.  Assurances that Defendant will take immediate and appropriate corrective action

6            if it determines that harassment/discrimination and/or retaliation has occurred.

7        2.  <u>Procedure for Handling Complaints</u>

8    Defendant further agrees that the Policy shall describe the process by which Defendant's

9    employees will handle complaints of discrimination. The Policy shall at minimum provide the

10   following general information (although verbatim language is not required):  (1) upon a

11   complaint by an employee or any other form of notice, the employee receiving the complaint

12   shall inform one or more persons identified in the Defendant's policies outlining the method for

13   raising complaints regarding possible discrimination in the workplace (including, but not limited

14   to Human Resources); (2) Human Resources and/or an authorized designee shall conduct a

15   prompt and thorough investigation of all complaints, including but not limited to interviewing

16   the complaining party/victim, the alleged perpetrator, available or identifiable witnesses; (3)

17   Human Resources and/or an authorized designee shall update the complaining party/victim of the

18   status of the investigation; (4) Human Resources and/or an authorized designee and Defendant's

19   employees shall limit information revealed to those individuals that have a business need to

20   know and to the extent a prompt and thorough investigation will allow; (5) at the conclusion of

21   the investigation, Defendant shall take all appropriate steps to remedy and prevent future

22   incidents of discrimination, harassment, and retaliation with respect to the complaining party;

23   and (6) Defendant will provide any complaining employee with information regarding how to

24   report issues relating to perceived retaliation.  Defendant further agrees to implement a

25   centralized system for tracking, gathering, and retaining discrimination, harassment, and

26   retaliation complaints.

27   ///

28   ///

3.      Distribution of Policy

For any revised or additional documents describing the Policy, within forty-five (45) days of the Effective Date of this Decree, Defendant shall provide to the EEOC a copy of the revised or additional documents describing the Policy.  Within sixty (60) days of the Effective Date and annually thereafter, Defendant shall ensure that it has distributed, either physically or electronically, any revised or additional documents describing the Policy to all employees in the Fresno BCO.  Within ninety (90) days of the Effective Date, Defendant shall submit to the EEOC a statement confirming the distribution of any revised or additional documents describing the Policy.

Within thirty (30) days of the hire date of any person hired in the Fresno BCO after the initial distribution but within the term of the Decree, Defendant shall ensure that it has distributed the Policy to that person.  On an annual basis for the duration of the Decree, Defendant shall submit to the EEOC a statement confirming the distribution of the Policy to any person hired after the initial distribution but within the term of the Decree.

Within sixty (60) days of the Effective Date, Defendant shall ensure that it has posted the Policy, physically or electronically, in an area accessible to all employees in the Fresno BCO. Within ninety (90) days of the Effective Date, Defendant shall submit to the EEOC a statement confirming the posting of the Policy.

C.      Accountability for Implementing Anti-Discrimination and Anti-Retaliation Policies and Procedures

Defendant remains committed to its policies and procedures that prohibit conduct made unlawful by Title VII and will continue to hold its human resources personnel accountable for abiding by all applicable federal and state laws relating to the prevention of and prohibition against discrimination and retaliation, including through performance feedback in performance evaluations of human resources personnel.

D.      Posting of Notice of Consent Decree and Settlement

Within thirty (30) days of the Effective Date and for the duration of the Decree, Defendant shall ensure that it has posted the Notice of Consent Decree and Settlement (attached

1    to this Decree as Attachment A), physically or electronically, in a conspicuous place accessible

2    in Defendant's Fresno BCO facility.  Within thirty (30) days of the Effective Date and annually

3    thereafter during the duration of this Consent Decree, Defendant shall submit to the EEOC a

4    statement confirming the posting of the Notice of Consent Decree and Settlement.

5            E.      Training

6            Within one-hundred and twenty (120) days of the Effective Date and annually thereafter

7    during the duration of this Consent Decree, Defendant shall provide in-person "live" training,

8    lasting at least one hour in duration to all of Defendant's Human Resources personnel and Field

9    Claims Managers dedicated to serving or overseeing the Fresno BCO.  The trainings shall cover

10   the Policy, Defendant's complaint process, and federal laws regarding employment

11   discrimination with a particular emphasis on race discrimination and retaliation. The training

12   shall have interactive components.  Where an employee is unable to attend the scheduled

13   training, Defendant shall provide an alternative interactive web-based training session within

14   sixty (60) days of the training.  All persons required to attend such training shall verify their

15   attendance in writing.  Within sixty (60) days of the hire date of any Human Resources employee

16   or Field Claims Managers dedicated to serving the Fresno BCO hired after the annual training

17   but within the term of the Decree, Defendant shall provide an interactive web-based training of at

18   least one hour duration covering the Policy, Defendant's complaint process, and federal laws

19   regarding employment discrimination with a particular emphasis on race discrimination and

20   retaliation.  All persons required to attend such training shall verify their attendance in writing.

21           Within one-hundred and twenty (120) days of the Effective Date and annually thereafter,

22   Defendant shall produce to the EEOC documents verifying the occurrence of all training sessions

23   conducted as required under this Decree, including a description of the training provided, a list of

24   individuals who conducted the training, and the names and job titles of those who attended the

25   training session.

26           F.      Record Keeping

27           Defendant shall maintain a record-keeping procedure that provides for the centralized

28   tracking of discrimination complaints as well as the monitoring of such complaints, including the

1  identities of the parties involved.  The records to be maintained shall include all documents

2  generated through the duration of the Decree in connection with Defendant's compliance with

3  the Decree, any complaints of discrimination, any investigation into the complaint, and any

4  resolution of the complaint.  Defendant shall maintain records to enable identification of repeat

5  offenders of complaints of race discrimination/harassment or retaliation.

6          G.     <u>Reporting</u>

7          Defendant, through the internal Monitor, shall provide the following annual reports to the

8  EEOC:

9                1.     Confirmation of the training sessions required under this Decree that

10  occurred since the previous report, including the names and job titles of attendees;

11                2.     Confirmation of receipt of the Policy by all employees hired in the Fresno

12  BCO since the previous report;

13                3.     A general description of the process for reporting and responding to

14  complaints of race discrimination/harassment and retaliation made during the time period

15  covered by the report.

16                4.     A general description of the race discrimination/harassment and retaliation

17  complaints made during the time period covered by the report in the Fresno BCO.  The

18  description shall include, subject to the Attorney-Client and/or Attorney Work Product

19  Privileges:  the date of the complaint; the nature of the complaint; identification of the alleged

20  perpetrators  by use of anonymized individual identifiers;  identification of the complainant by

21  use of anonymized individual identifiers; whether the alleged perpetrator(s) have been the

22  subject of more than one complaint of race discrimination/harassment or retaliation during the

23  term of the Consent Decree; whether witnesses were interviewed; a statement about whether a

24  finding was made; and, a brief summary of how the complaint was resolved, including whether

25  action was taken.

26          The EEOC may require Defendant, within fourteen (14) days after a demand by EEOC,

27  to provide names of alleged perpetrators where more than one race discrimination/harassment or

28

1  retaliation complaint has been filed against the same perpetrator alleging the same or similar

2  conduct during the term of the Consent Decree.

3          5.      Verification that the Notice of Consent Decree and Settlement and Policy

4  continue to be posted, physically or electronically, in a conspicuous place accessible to all

5  employees in the Fresno BCO;

6          6.      A summary of the procedures and methods for the record keeping

7  described in Section IX.F

8          7.      The status of Defendant's compliance with the terms of the Decree; and

9          8.      Whether any of Defendant's policies and procedures regarding

10  discrimination and harassment have been revised, including a copy of the revised policies or

11  procedures.

12                          **X. <u>MISCELLANEOUS PROVISIONS</u>**

13          A.      During the term of this Decree, Defendant shall assure that each of its officers,

14  managers, and supervisors with responsibilities over the Fresno BCO is aware of any term(s) of

15  this Decree which may be related to his/her job duties.

16          B.      Unless otherwise stated, all notices, reports and correspondence required under

17  this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal

18  Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles,

19  California, 90012; facsimile number (213) 894-1301.

20          C.      This Decree may be signed in counterparts.  A facsimile signature shall have the

21  same force and effect of an original signature or copy thereof.

22          D.      During the term of this Decree, Defendant shall provide any potential successor in

23  interest with a copy of the Decree.

24                  **XI.    <u>COSTS AND ATTORNEYS' FEES</u>**

25          Defendant shall bear all costs associated with its administration and implementation of its

26  obligations under this Decree, including but not limited to the distribution of the settlement

27  money.  Each party shall bear its own costs of suit and attorneys' fees.

28          All parties, through the undersigned, respectfully apply for and consent to the entry of

1   this Consent Decree Order.

2                                                   Respectfully Submitted,

3                                                   U.S. EQUAL EMPLOYMENT
4                                                   OPPORTUNITY COMMISSION
                                                    Anna Y. Park
5
    Date: _____10/6/16_____           By: _____/s/ signature in original_____
6                                                   Anna Y. Park
                                                    Attorneys for Plaintiff EEOC
7

8                                                   FARMERS INSURANCE EXCHANGE

9
10  Date: _____10/5/16_____            By: _____/s/ signature in original_____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ORDER

**GOOD CAUSE APPEARING:**

The Court hereby finds that compliance with all provisions of the foregoing Decree is fair and adequate.  The Court hereby retains jurisdiction for the term of the foregoing Consent Decree, and the provisions thereof are hereby approved.

IT IS SO ORDERED.

Dated:   October 26, 2016                 _____

SENIOR  DISTRICT  JUDGE

-14-